**STATE OF WASHINGTON**
**PIERCE COUNTY SUPERIOR COURT**

RACHEL OLIVAS,

        Plaintiff,

      v.

PUGET SOUND COLLECTIONS, d/b/a
P.S.C., INC., a Washington Corporation and
Debt Collection Agency licensed under UBI
No. 600577163,

        Defendant.

NO.

PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF FOR
VIOLATIONS OF WASHINGTON'S
CONSUMER PROTECTION ACT

COMES NOW, Plaintiff, RACHEL OLIVAS, by and through her counsel, ROBERT MITCHELL, and complains against the Defendant as follows:

## I.    STATEMENT OF THE CASE

Defendant has been using harassing and abusive collection tactics in attempt to force Plaintiff to pay accounts that she disputes and does not owe. Defendant is reporting the erroneous and disputed accounts to the credit bureaus, but refuses to report the accounts as "disputed." Defendant has telephoned Plaintiff's place of employment and discussed the debts with Plaintiff's coworker. Defendant has used deceptive, abusive and threatening language when communicating directly with Plaintiff. Defendant has done all of this while absolutely knowing that Plaintiff does not owe the accounts Defendant is attempting to collect.

This is an action for injunctive relief designed to protect Plaintiff and other Washington consumers by preventing Defendant from engaging in unfair, unconscionable, and deceptive collection practices in the state of Washington.

PLAINTIFF'S COMPLAINT          1

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

## II.   PARTIES

2.1   Plaintiff, RACHEL OLIVAS is a resident of Pierce County, Washington.

2.2   Defendant alleges that Plaintiff owes a consumer debt and has been attempting to collect the consumer debt from Plaintiff for quite some time.

2.3   Plaintiff is therefore a "debtor" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (CAA), and a "consumer" as defined by the Consumer Protection Act (CPA), and Plaintiff acted as a "debtor" and "consumer" at all times relevant to this litigation.

2.4   Defendant, PUGET SOUND COLLECTIONS, a/k/a, P.S.C., Inc., a Washington Corporation (hereinafter "Defendant"), is a collection agency and a business which regularly collects debts owed to others, and which conducts business in this state pursuant to UBI No. 600577163.

2.5   Defendant is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.6   Defendant made attempts to collect the debt at the heart of this litigation.

## III.   JURISDICTION AND VENUE

3.1   Jurisdiction and Venue in Pierce County Superior Court are appropriate where all acts at issue and described herein occurred in Pierce County Washington, and where the injury to Plaintiff occurred in Pierce County Washington, and where the Defendant has engaged in substantial business contacts in Pierce County Washington, and where Defendant is headquartered in Pierce County Washington, and where Defendant has already submitted to this jurisdiction by attempting to collect a debt from Plaintiff in this jurisdiction, and where the Plaintiff prays for injunctive relief that exceeds the jurisdiction of the State District Court. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

PLAINTIFF'S COMPLAINT                    2            Robert Mitchell, Attorney at Law
                                                      1020 N. Washington
                                                      Spokane, WA  99201
                                                      (509) 327-2224     Fax (888) 840-6003

3.2     Defendant is liable unto Plaintiff pursuant to the provisions of the Washington Collection Agency Act (CAA), RCW 19.16 et seq., the Consumer Protection Act (CPA), RCW 19.86 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., as well as other applicable state and federal laws.

## IV.    FACTS

4.1     Plaintiff was formerly married to Bryan Olivas.

4.2     In 2008, Plaintiff separated from Bryan Olivas.

4.3     The two have not resided together or otherwise held themselves out as a married couple since they separated in 2008.

4.4     The couple was officially divorced in 2011.

4.5     The couple's final divorce documents state that the couple was separated in 2008.

4.6     Defendant knows this because Plaintiff provided Defendant with a copy of the couple's final divorce decree.

4.7     In approximately 2010, after the couple separated, Bryan Olivas obtain medical services.

4.8     Bryan Olivas did not pay for those medical services.

4.9     Plaintiff is not responsible for unpaid medical debts that her former spouse incurred after the couple separated.

4.10    Nevertheless, on or about September of 2010, Defendant initiated collection against Plaintiff in attempt to force Plaintiff to pay her ex-husband's medical debts.

4.11    On or about October of 2010, Plaintiff disputed the debts and informed Defendant that she separated from her husband in 2008, and that she was not responsible for the medical debts incurred by her former spouse after the couple separated.

PLAINTIFF'S COMPLAINT                                    3                          Robert Mitchell, Attorney at Law
                                                                                    1020 N. Washington
                                                                                    Spokane, WA 99201
                                                                                    (509) 327-2224    Fax (888) 840-6003

4.12    On or about October of 2010, Plaintiff paid Defendant $500.00 for the past due medical accounts that Plaintiff *actually did owe* Defendant.

4.13    On or about October of 2010, Plaintiff disputed the remaining accounts.

4.14    Therefore, on or about October of 2010, Defendant had absolute knowledge that Plaintiff did not incur the erroneous and disputed debts and that Plaintiff disputed the debts.

4.15    Defendant is a sophisticated debt collection agency that regularly files debt collection lawsuits and which regularly obtains the guidance of legal counsel regarding the enforceability of debts incurred by former spouses after separation.

4.16    As a result, Defendant knew or absolutely should have known that Plaintiff does not owe the debts defendant is attempting to collect from Plaintiff.

4.17    Nevertheless, in attempt to force Plaintiff to pay the erroneous and disputed debts, Defendant is currently reporting the disputed accounts on Plaintiff's consumer credit report.

4.18    Defendant has not informed the consumer reporting agencies that Plaintiff disputes the accounts, despite the fact that Defendant absolutely knows that the accounts are disputed.

4.19    Defendant has not informed the credit reporting agencies that the accounts actually belong to Plaintiff's former spouse.

4.20    As a result, the erroneous and disputed accounts appear on Plaintiff's consumer credit report as *undisputed* collection accounts.

4.21    This causes ongoing and actual economic damages because the accounts decrease Plaintiff's credit score, prevent her from obtaining credit, force her to pay higher interest rates on credit, and cause a chilling effect upon Plaintiff's attempts to obtain credit.

PLAINTIFF'S COMPLAINT                    4                  Robert Mitchell, Attorney at Law
                                                           1020 N. Washington
                                                           Spokane, WA 99201
                                                           (509) 327-2224    Fax (888) 840-6003

1

2

4.22    Most recently, Defendant telephoned Plaintiff's place of employment and asked Plaintiff's co-worker if Plaintiff is employed full time.

3

4

4.23    When Plaintiff's co-worker inquired as to the nature and purpose of the telephone call, Defendant stated that Defendant was calling from Puget Sound Collections.

5

6

4.24    Defendant did not seek location information for Plaintiff.

4.25    Defendant telephoned Plaintiff's place of employment and disclosed that Defendant is a collection agency for the sole purpose of harassing Plaintiff into paying disputed and erroneous debts that Plaintiff does not owe.

7

8

9

10

11

4.26    Including the erroneous credit reporting to the credit bureaus, this is the second method of third party disclosure that Defendant has used in attempt to force Plaintiff to pay debts that she does not owe; debts that Defendant absolutely knows Plaintiff does not owe.

12

13

4.27    As expected, Defendant's telephone call to Plaintiff's co-worker prompted Plaintiff to telephone Defendant.

14

15

4.28    During that telephone call, Defendant attempted to collect the erroneous and disputed accounts from Plaintiff.

16

17

4.29    Defendant feigned as though Defendant had no record of Plaintiff's previous disputes and had no information regarding the disputed and erroneous nature of the accounts.

18

19

20

4.30    Defendant attempted to create the impression that Defendant was hearing about the dispute for the first time and that Plaintiff needed to re-prove to Defendant that the accounts were erroneous and disputed.

21

22

4.31    This was an intentionally deceptive technique employed to harass Plaintiff into paying erroneous debts that Plaintiff had already disputed years ago.

23

24

4.32    Plaintiff again informed Defendant that the debts belong to her former spouse and she is not responsible for the debts.

25

26

PLAINTIFF'S COMPLAINT                                     5                        Robert Mitchell, Attorney at Law
                                                                                  1020 N. Washington
                                                                                  Spokane, WA  99201
                                                                                  (509) 327-2224     Fax (888) 840-6003

1

2

4.33    Defendant insisted that Plaintiff was responsible and informed Plaintiff that she still owes Defendant more than $1,000.00.

3

4

4.34    Plaintiff asked for an accounting of the individual debts that form the alleged $1,000.00 balance so that Plaintiff could ensure that she did not pay her former spouse's debts.

5

6

4.35    Defendant flatly refused to provide Plaintiff with any written justification for the debts.

7

8

9

4.36    Defendant stated that the *only* way Defendant would provide Plaintiff with an accounting of the individual accounts was if Plaintiff delivered *another* copy of Plaintiff's divorce decree to Defendant's office.

10

4.37    Plaintiff promised to do so.

11

12

4.38    Plaintiff had a busy day at work and was unable to deliver the paperwork on the promised day.

13

14

4.39    As a courtesy, Plaintiff telephoned Defendant the following day and informed Defendant that she would be delivering the paperwork that day.

15

4.40    Defendant either called Plaintiff a liar, or suggested that Plaintiff is a liar.

16

4.41    Defendant then stated: "I verified your employment."

17

18

19

4.42    Plaintiff reasonably understood this statement as a threat that Defendant intended to continue harassing Plaintiff at her place of employment and continue communicating about the debt with Plaintiff's coworkers.

20

4.43    Defendant then stated: "I also verified that you were remarried in 2011."

21

4.44    This statement is patently false.

22

23

4.45    Defendant made this false statement in attempt to deceive, threaten and harass Plaintiff into paying the erroneous and disputed debts.

24

25

26

PLAINTIFF'S COMPLAINT                                    6                          Robert Mitchell, Attorney at Law
                                                                                            1020 N. Washington
                                                                                            Spokane, WA 99201
                                                                                            (509) 327-2224     Fax (888) 840-6003

1
2
      4.46    Plaintiff was so terrified that she asked if the balance on the debts could be
negotiated.
3
      4.47    Defendant responded: "We don't negotiate."
4
      4.48    Defendant's statement was patently false.
5
      4.49    In fact, Defendant negotiates the balances on outstanding debts *on a daily basis*.
6
      4.50    Defendant's threats, harassment, and abuse forced Plaintiff to seek out and
7
retain an attorney to protect her from Defendant.
8
      4.51    Doing so caused Plaintiff to take time away from otherwise economically
9
productive activity where Plaintiff is a self-employed small business woman.
10
      4.52    Defendant's debt collection actions were unfair, unconscionable, deceptive,
11
intentional, wanton, abusive, threatening, harassing, and unnecessary.
12
      4.53    Defendant's abusive debt collection actions caused Plaintiff real, actual, and
13
economic damages.
14
      4.54    Defendant's abusive debt collection actions caused Plaintiff emotional distress
15
in the form of crying, loss of sleep, anxiety, frustration, humiliation, embarrassment, and
16
damage to her reputation.
17
18
      **V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION**
19
                           (Application of the Statute)
20
      5.1     Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth
21
herein.
22
      5.2     Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or
23
"debtor" means "any natural person obligated or allegedly obligated to pay any debt."   15
24
U.S.C. §1692a(3).
25
26

PLAINTIFF'S COMPLAINT                          7           Robert Mitchell, Attorney at Law
                                                          1020 N. Washington
                                                          Spokane, WA 99201
                                                          (509) 327-2224     Fax (888) 840-6003

5.3     Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

5.4     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

5.5     Defendant collection agency is, without a doubt, a "debt collector" as defined by the FDCPA.

5.6     Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant collection agency is a "debt collector" which attempted to collect a debt owed to a third party.

## VI.     FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

6.1     Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2     A debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, or a consumer reporting agency. 15 U.S.C. §1692c(b).

6.3     "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not

PLAINTIFF'S COMPLAINT                                    8                    Robert Mitchell, Attorney at Law
                                                                              1020 N. Washington
                                                                              Spokane, WA  99201
                                                                              (509) 327-2224     Fax (888) 840-6003

communicate with a consumer in connection with the collection of any debt (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.   (3) At the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communications."  15 U.S.C. §1692c(a)(1) and (3).

6.4     "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

6.5 "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.

6.6     "The false representation of the character, amount, or legal status of a debt" also violates 15 U.S.C. §1692e(2).

6.7 "The threat to take any action that cannot legally be taken or that is not intended to be taken" also violates 15 U.S.C. §1692e(5).

6.8     15 U.S.C. §1692e(5) is violated by taking an illegal action, as well as by threatening it; See, Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.").

6.9     Debt collectors may not communicate or threaten to communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. §1692e(8).

6.10     "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" also violates 15 U.S.C. §1692e(10).

PLAINTIFF'S COMPLAINT                              9                    Robert Mitchell, Attorney at Law
                                                                       1020 N. Washington
                                                                       Spokane, WA  99201
                                                                       (509) 327-2224     Fax (888) 840-6003

1

2

6.11    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

3

4

5

6

6.12    It "unfair" for a debt collector to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7

**False Representations in Third Party Communications with Credit Bureaus:**

8

9

10

11

6.13    In this case, Defendant violated 15 U.S.C. §§1692c, d, e, and f, where:

   A.    Defendant knows that Plaintiff disputes the debts; and

   B.    Defendant is currently reporting the disputed debts to at least one credit bureau without informing the bureau that the debts are disputed.

12

**Harassing Workplace Communications:**

13

14

15

16

6.14    In this case, Defendant violated 15 U.S.C. §§1692c, d, e, and f, where:

   A.    Defendant telephoned Plaintiff's workplace and disclosed to Plaintiff's coworker that Defendant was calling from a collection agency about debts Plaintiff alleges owes; and where

17

18

19

   B.    It is common knowledge that it is inconvenient for a consumer to discuss erroneous and *disputed* debts with debt collectors while the consumer is at work;

20

21

22

   C.    And where the sole purpose of the workplace contact and the third party communication was to harass, intimidate, annoy, and embarrass Plaintiff into paying the erroneous and disputed accounts.

23

24

25

PLAINTIFF'S COMPLAINT                           10

26

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003

6.15    Although Defendant will undoubtedly assert that Defendant contacted Plaintiff's workplace to obtain location information, that exception to the FDCPA is narrow and would not allow Defendant to disclose debt collection issues to Plaintiff's coworker.  15 U.S.C. §1692b.

6.16    Additionally, Defendant stated that the purpose of the communication was to "verify employment," not to *obtain location information*, and Defendant later bragged about contacting Plaintiff's workplace, as though it was a harassment technique used to embarrass Plaintiff into paying the erroneous and disputed debts, *not* to obtain location information.

6.17    More importantly, Defendant's intent to use the third party workplace communication to harass and humiliate Plaintiff into paying the erroneous and disputed debts is evident by Defendant later bragging to Plaintiff: "I verified your employment."

6.18    Plaintiff took this statement as a threat that Defendant intended to continue contacting Plaintiff's workplace and other third parties if Plaintiff refused to pay the erroneous and disputed debts.

6.19    Therefore, Defendant's third party communications amount to harassment, abuse and oppression in attempt to humiliate Plaintiff into paying erroneous and disputed debts.

**Harassing Communications and False and Deceptive Statements:**

6.20    In this case, Defendant violated 15 U.S.C. §§1692c, d, e, and f, where:

A.      Defendant stated "I verified that you were remarried in 2011", when that statement is patently false; and where

B.      Defendant stated: "We do not negotiate," when that statement was patently false; and where

PLAINTIFF'S COMPLAINT                    11          Robert Mitchell, Attorney at Law
                                                     1020 N. Washington
                                                     Spokane, WA 99201
                                                     (509) 327-2224    Fax (888) 840-6003

C.   Defendant stated: "I verified your employment," when that statement was made for the sole purpose of harassing and intimidating Plaintiff; and where

D.   Defendant feigned that Defendant had no information about Plaintiff's previous disputes and insisted that Plaintiff re-prove that she does not owe the debt; and where

E.   Defendant feigned that Defendant was unaware that Plaintiff was separated from her husband in 2008 and officially divorced in 2011, when in fact Defendant had actual knowledge of the separation and divorce; and where

F.   Defendant treated the debts as though Plaintiff had never disputed the accounts; and where

G.   Defendant either called Plaintiff a liar, or used words that would lead the least sophisticated consumer to conclude that Defendant called Plaintiff a liar; and where

H.   All of Defendant's statements to Plaintiff were designed to harass, intimidate, annoy, frustrate, humiliate, and embarrass Plaintiff into paying erroneous and disputed debts.

**Threats and Unfair and Deceptive Conduct:**

6.21   In this case, Defendant violated 15 U.S.C. §§1692c, d, e, and f, where:

A.   Defendant refused to provide Plaintiff with an accounting of the individual debts that made up the balance Defendant was attempting to collect from Plaintiff, and where

PLAINTIFF'S COMPLAINT                    12            Robert Mitchell, Attorney at Law
                                                       1020 N. Washington
                                                       Spokane, WA 99201
                                                       (509) 327-2224      Fax (888) 840-6003

B.  Defendant refused to parcel out the debts to allow Plaintiff to avoid paying erroneous and disputed debts; and where

C.  Defendant insisted that Plaintiff pay the entire balance rather than just the undisputed debts; and where

D.  Defendant attempted to force Plaintiff to pay debts that she does not owe; and where

E.  Defendant browbeat Plaintiff when she requested an accounting; and where

F.  All of the above tactics were designed as threats to take legal or non-judicial collection action that Defendant had no legal right to take at the time the threats or intended threats were made.

**Attempt to Collect More than What Amount Owed:**

6.22  In this case, Defendant violated 15 U.S.C. §§1692c, d, e, and f, where:

A.  Defendant attempted to collect money that Plaintiff does not owe for medical bills incurred by Plaintiff's former spouse after the couple separated.

6.23  Given the above, Defendant violated the statute by using false, deceptive and misleading representations; by falsely representing the character, amount and legal status of the subject debt; by threatening actions that Defendant had no right to take; by reporting the account to at least one credit bureau without reporting that the account is disputed; by using unfair and unconscionable means to collect the erroneous and disputed debts; by attempting to collect more than what is owed; by engaging in harassing communications with Plaintiff; by making third party disclosures to Plaintiff's coworker; all in an attempt to threaten, harass,

PLAINTIFF'S COMPLAINT                    13        Robert Mitchell, Attorney at Law
                                                   1020 N. Washington
                                                   Spokane, WA 99201
                                                   (509) 327-2224   Fax (888) 840-6003

intimidate, humiliate, embarrass, annoy, frustrate, and abuse Plaintiff into paying debts that she does not owe and that she has disputed for years.

6.24    Plaintiff was injured by Defendant's actions.

6.25    Defendant's actions were a direct and proximate cause of Plaintiff's injuries and damages.

6.26    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.27    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

### VII.    SECOND CAUSE OF ACTION

(*Per Se* Consumer Protection Act – State Collection Agency Act Violation)

7.1    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3    The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendant is a "business," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

7.4    Additionally, the Washington Collection Agency Act (WCAA) prohibits collection agencies from engaging in certain unfair and/or deceptive collection acts or practices.  RCW 19.16.250(1 – 25).

PLAINTIFF'S COMPLAINT                    14                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

7.5     The WCAA states that violations of the WCAA are *per se* violations of the Consumer Protection Act (WCPA). RCW 19.16.440.

7.6     The "Prohibited Practices" section of the Washington Collection Agency Act (WCAA) states in pertinent part, No licensee or employee of a licensee shall:

  A.     "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor..."     RCW 19.16.250(13).

7.7     In this case, Defendant's communications with Plaintiff, with Plaintiff's coworker, and with the credit bureau, as described *supra*, were designed to harass, intimidate, threaten, embarrass, annoy, humiliate, frustrate, and abuse Plaintiff into paying erroneous and disputed debts.

7.8     Therefore, Defendant's communications violated the Washington Collection Agency Act, which is a *per se* violation of the Washington Consumer Protection Act.

7.9     Plaintiff was injured by Defendant's actions.

7.10     Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

7.11     Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.12     Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.  THIRD CAUSE OF ACTION

(Consumer Protection Act Violation – *In the Alternative*)

8.1     Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

PLAINTIFF'S COMPLAINT         15      Robert Mitchell, Attorney at Law
                            1020 N. Washington
                            Spokane, WA 99201
                          (509) 327-2224     Fax (888) 840-6003

8.2     In the alternative to a *per se* violation of Washington's CPA as alleged *Supra*, Defendant's collection actions are still "unfair" and "deceptive" as those terms are ambiguously defined and liberally construed to protect consumers. RCW 19.86.920.

8.3     Defendant's collection actions occurred in the course of commerce and trade.

8.4     Defendant is a business.

8.5     Plaintiff is a consumer.

8.6     Plaintiff was injured in her person, property and business as a result of Defendant's unfair and deceptive actions.

8.7     Defendant frequently engages in the alleged unfair and deceptive conduct.

8.8     There is a capacity for repetition and the public as a whole is impacted by Defendant's unfair and deceptive business practices.

8.9     Therefore, Washington's Consumer Protection Act applies to Defendant's debt collection activities and to the unfair and deceptive acts and practices alleged herein.

8.10    Plaintiff was injured by Defendant's actions.

8.11    Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

8.12    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.13    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.      For an Injunction preventing Defendant from ever again communicating with Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular

PLAINTIFF'S COMPLAINT                                16                Robert Mitchell, Attorney at Law
                                                                      1020 N. Washington
                                                                      Spokane, WA 99201
                                                                      (509) 327-2224    Fax (888) 840-6003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.      For an Injunction preventing Defendant from refusing to provide an individual accounting to any Washington State resident/consumer when Defendant is attempting to collect multiple accounts from that consumer, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.      For an Injunction preventing Defendant from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.      For an Injunction preventing Defendant from ever telephoning a Washington consumer's place of employment to "verify employment" if Defendant does not possess a judgment against the consumer, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

PLAINTIFF'S COMPLAINT                              17                    Robert Mitchell, Attorney at Law
                                                                        1020 N. Washington
                                                                        Spokane, WA 99201
                                                                        (509) 327-2224    Fax (888) 840-6003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

E.     For an Injunction preventing Defendant from ever again reporting a disputed account to a credit bureau without informing the credit bureau that the account is "disputed," pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.     For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.     For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86, et seq., 15 U.S.C. §1692, et seq., and various common law claims;

H.     For Intentional Infliction of Emotional Distress, or Negligent Infliction of Emotional Distress damages in an amount to be proven at the time of trial, pursuant to 15 U.S.C. §1692, et seq.;

I.     For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692, et seq.;

J.     For Incidental and Consequential damages in an amount to be proven at trial;

K.     For treble any "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

PLAINTIFF'S COMPLAINT                    18            Robert Mitchell, Attorney at Law
                                                       1020 N. Washington
                                                       Spokane, WA 99201
                                                       (509) 327-2224     Fax (888) 840-6003

1

L.      For costs and reasonable attorney's fees in an amount to be proven at trial

2

pursuant to 15 U.S.C. §1692, et seq. and RCW 19.86, et seq.;

3

M.      For interest on the above amounts as authorized by law;

4

N.      For other relief as the Court deems just and equitable; and

5

O.      For leave to amend this complaint as needed and as required.

6

### X.      REQUEST FOR TRIAL BY JURY

7

Plaintiff hereby requests a trial by jury.

8

9

DATED this 4th day of November, 2014.

10

Respectfully submitted,

11

12

13

14

ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT                                19                    Robert Mitchell, Attorney at Law

26

1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003